STATE OF VERMONT

ENVIRONMENTAL COURT

Town of Charlotte, Plaintiff,　　　　　}
　　　　　　　　　　　　　　　　　　　}
v　　　　　　　　　　　　　　　　　　}　Docket No. 77-4-00 Vtec
　　　　　　　　　　　　　　　　　　　}
Carol Aube-Hinsdale, Defendant.　　　}


Decision and Order on Plaintiff= s Motion for Summary Judgment

This is an enforcement action by the Town of Charlotte against Defendant Carol Aube-Hinsdale, which was reopened when an anticipated settlement was not, in fact, filed. The Town is represented by Amanda S. E. Lafferty, Esq. Defendant now represents herself. The Town seeks judgment as a matter of law on the issue of liability, based on Defendant= s failure to timely appeal the notice of violation.

The following facts are undisputed unless otherwise noted.

Defendant owns real property located at 5714 Ethan Allen Highway in the Town= s Rural zoning district. The property is a lot within a previously-approved four-lot planned residential development. At the time of that approval, a two-unit dwelling existed on Defendant= s property. The Town alleges that commencing in September of 1999, Defendant remodeled and used the two-unit dwelling as three separate dwelling units without first obtaining zoning approval.

On September 16, 1999, the Zoning Administrator sent a notice of violation to Defendant by certified mail, return receipt requested, describing a violation of ' 1.3 of the Zoning Bylaws for increasing the number of units without zoning approval. The notice of violation was addressed to Defendant at the property= s address of 5714 Ethan Allen Highway. The U.S. Postal Service attempted delivery twice, but the envelope was not claimed by Defendant either time, and was returned to the Town. The Town appears to have resent it to Defendant= s post office box address, where Defendant did receive it.

Defendant never appealed the notice of violation, nor did she seek to file a late appeal, nor (until this enforcement action was filed) did she claim that she failed to receive timely notice of the notice of violation. If she had attempted to file an appeal to the ZBA, issues regarding the circumstances of the mailing of the notice of violation would have been before the ZBA, and hence this Court. As she did not file or attempt to file an appeal from the notice of violation, it became final, and Defendant cannot now contest the facts stated in the notice of violation. See 24 V.S.A. ' 4472(d).

Defendant makes no new arguments in opposition of summary judgment than she filed in September of 2000. First, she argues that summary judgment is inappropriate because Defendant and the Town are still negotiating a settlement. While this may have been the case in the fall of 2000 when summary judgment was first filed, it does not appear to be the case now.

Second, Defendant argues that the zoning bylaws are being selectively enforced in her neighborhood, although she has not come forward with specific facts to support this argument. A litigant wishing to show selective enforcement as a defense to a zoning enforcement action must show more than the bare fact that the municipality has failed to enforce the zoning ordinance in

other similar circumstances. Rather, the litigant must meet both parts of a two-part test. The litigant must show not only that the person, compared with others similarly situated, was selectively treated; but also that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. In re Appeals of Letourneau, 168 Vt. 539, 549 (1998) (citations omitted).

Defendant also claims that she has been deprived of due process in that she never actually received the notice of violation and that, by the time she knew that the Town issued it, the time for appeal had passed. The notice of violation was returned to sender as unclaimed on October 4, 1999 after the postal service first gave Defendant notice of it on September 17, 1999 and again on September 22, 1999. Defendant has not submitted any evidence suggesting that facts are in dispute as to whether she was notified that she should collect a piece of certified mail. Just as importantly, Defendant never filed or attempted to file even an untimely appeal with the ZBA.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the Town=s Motion for Summary Judgment is GRANTED. We will schedule a telephone conference for September 14, 2001 to set hearing on the remaining issues of injunctive relief and penalties.

Done at Barre, Vermont, this 10th day of August, 2001.


_____
Merideth Wright
Environmental Judge